**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| Michael Ippoliti as Personal Representative of the Estate of Jer'kiyi I. Charles, Deceased,<br><br>Plaintiff<br><br>v.<br><br>HOC Industries, Inc., a Kansas Corporation, And Christmas Tree Shops, Inc., a Massachusetts Corporation.<br><br>Defendants | ) | C.A. No.<br><br><br><br>Trial by Jury Demanded |

**COMPLAINT**

1. Plaintiff Michael Ippoliti is the duly appointed personal representative of the Estate of Jer'kiyi I. Charles, Deceased, who was a resident of New Castle County, Delaware at the time of the incident, described below, and at the time of his death.

2. Plaintiff brings this action to recover damages on behalf of the Estate because of injuries sustained by Jer'kiyi I. Charles proximately caused by the acts of the Defendants as set out below.

3. Defendant HOC Industries (HOC) is a corporation, which is organized under the laws of Kansas. Its principle place of business is at 3511 N Ohio St., Wichita, Kansas 67219-3721

4. Defendant Christmas Tree Shops, Inc. (Christmas Tree) is a corporation, which is organized under the laws Massachusetts. Its principle place of business is 650 Liberty, Union, New Jersey.

5. Defendant HOC at all relevant times was in the business of manufacturing and distributing torch fuel in packages to retail stores across the United States. Each package

consisted of a plastic bottle, a label and a plastic cap. Defendant HOC put various brand names on the labels, one of which was Hawaiian Nights Citronella Torch Fuel.

6. Defendant HOC distributed packages of torch fuel to Defendant Christmas Tree before the incident described below.

7. On June 10, 2012 an individual customer of Defendant Christmas Tree purchased a package of Defendant HOC's torch fuel at a retail store in Wilmington, Delaware. This retail store was operated at that time by Defendant Christmas Tree. The package was labeled Hawaiian Nights Citronella Torch Fuel.

8. This individual took the package of torch fuel to the home of Jer'kiyi I. Charles for use in tiki-style torches.

9. On July 5, 2012, Jer'kiyi I. Charles was four years old. He was in his home in Wilmington, Delaware on that day. He saw the package of torch fuel and thought it was apple juice. He drank from the bottle and aspirated some of the torch fuel into his lungs. He immediately had extreme trouble breathing and became very ill. His mother immediately obtained emergency care. He was transported to AI Dupont Hospital. He was admitted and cared for there until he was discharged.

10. Defendant HOC owed Jer'kiyi I. Charles a duty to manufacture, package and distribute its torch fuel so that it was reasonably safe for use by consumers.

11. Defendant HOC breached this duty because it failed to use reasonable care and was negligent in the manufacture, packaging and sale of its torch fuel.

12. Defendant HOC acted negligently when manufacturing the torch fuel because it made the torch fuel resemble juice by coloring it and adding a pleasant fragrance. This made young children think the torch fuel was juice, such as apple juice or white grape juice, and

created a high risk that these children would drink and aspirate it.

13. Defendant HOC acted negligently because it packaged the torch fuel in a transparent bottle, which looked like a bottle that could contain juice, and placed a colorful label on the bottle. This appearance made young children think the torch fuel was juice, such as apple juice or white grape juice, and created a high risk that these children would drink and aspirate it.

14. Defendant HOC acted negligently when it distributed packages of torch fuel because:

a) It failed to warn distributors and customers that young children would identify the torch fuel in the package as juice and try to drink it.

b) It failed to warn distributors and customers that the package was not childproof because the cap was designed so that a certain percentage of young children would be able to remove the cap within a few minutes.

15. Defendant HOC acted negligently when it manufactured, packaged and distributed torch fuel, as described herein, because it knew or should have known that the appearance of the package would cause young children to mistake the torch fuel for juice and drink or aspirate it and become seriously ill or die.

16. Defendant Christmas Tree owed Jer'kiyi I. Charles a duty to distribute packages of torch fuel which were reasonably safe for use by consumers.

17. Defendant Christmas Tree breached this duty because it failed to use reasonable care and was negligent in the sale of Defendant HOC's packages of torch fuel.

18. Defendant Christmas Tree acted negligently when it offered these package of torch fuel for sale to its consumers because it knew or should have known that the packages were unnecessarily attractive to children, that the packages would be considered by consumers to be

childproof when the packages were designed so that a certain percentage of young children would foreseeably be able to remove the cap within a few minutes, that some children who would drink torch fuel because it looks like juice and that these children would become seriously ill or die.

19. Plaintiff believes that Defendants might have acted negligently in other ways and reserves the right to amend this Complaint to set forth such negligent acts.

20. The facts that young children will believe the package of torch fuel is juice, will be able to remove the cap and will drink and aspirate the torch fuel were foreseeable at the time the Defendants acted negligently.

21. The negligence of each of the Defendants proximately caused Jer'kiyi I. Charles to drink and aspirate the torch fuel and suffer damages as set out below.

22. At all relevant times Defendant HOC and Defendant Christmas Tree were merchants in the business of selling packages of torch fuel.

23. Jer'kiyi I. Charles was a third party beneficiary of the warranties implied in the sale of the packages of torch fuel.

24. Defendant HOC and Defendant Christmas Tree were merchants with respect to these packages of torch fuel.

25. Defendant HOC and Defendant Christmas Tree, at the time each sold the packages of torch fuel, had reason to know these packages of torch fuel would be used around young children and that the individuals and third party beneficiaries using the packages were relying on the skill or judgment of Defendant HOC and Defendant Christmas Tree to select or furnish suitable packages of torch fuel. Jer'kiyi I. Charles and the individuals who used the package relied on the skill and judgment of Defendant HOC and Defendant Christmas Tree.

26. A warranty that the packages of torch fuel shall be merchantable was implied in the contract for their sale. However, The package of torch fuel from which Jer'kiyi I. Charles drank was not merchantable at the time of its sale. The package was not fit for the ordinary purposes for which such goods are used for the following reasons:

a) the torch fuel appeared to be juice because it was colored to look like juice, had a pleasant fragrance, used a transparent bottle and had a colorful label on it. This appearance and fragrance made young children think the torch fuel was juice, such as apple juice or white grape juice, and created a high risk that these children would drink and aspirate it.

b) the package failed to warn that young children will identify the torch fuel in the package as juice and try to drink it.

c) the package did not warn customers that it was not childproof and was designed so that a certain percentage of young children would be able to remove the cap within a few minutes.

27. As a direct and proximate result of the breaches of these warranties by Defendant HOC and Defendant Christmas Tree Store, Jer'kiyi I. Charles ingested the torch fuel and suffered serious bodily injury.

28. Notice of the injury was provided to each of the Defendants.

29. As a result of the negligence and breaches of warranty of the Defendants, Jer'kyi I. Charles was seriously injured and suffered damages as follows:

a) medical expenses to treat the injuries

b) physical impairment

c) physical pain and mental anguish

d) other general, special and compensatory damages

37) The conduct of the Defendants was outrageous and in reckless indifference to the rights of Jer'kiyi I. Charles and others. Their acts were so unreasonable and dangerous that they knew or should have known that there was an imminent likelihood of harm that would result. Plaintiff is therefore entitled to seek punitive damages against each Defendant.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly and severally for general, special, compensatory and punitive damages, together with the costs of this action.

**/s/ SEAN P. GAMBOGI**
**SEAN P. GAMBOGI, ESQUIRE**
Kimmel, Carter, Roman, Peltz & O'Neill, P.A.
P.O. Box 8149
Newark, DE 19714
(302) 565-6100
SGAMBOGI@KCRLAW.COM
**Bar ID: 5488**
Attorney for Plaintiff

Dated: June 5, 2014